George Ray ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00262–CR.

Court of Appeals of Texas, Dallas.

Aug. 11, 1988.

Rehearing Denied Sept. 15, 1988.

Discretionary Review Refused (Appellant) Dec. 21, 1988.

Discretionary Review Refused (State) Dec. 21, 1988.

S. Michael McColloch, David W. Coody, Dallas, for appellant.

Michael A. Klein, Dallas, for appellee.

Before STEWART[1], BAKER[2] and THOMAS[3], JJ.

[1] The Honorable Annette Stewart, Justice, succeeded the Honorable James B. Zimmerman, a member of the original panel. Justice Stewart has reviewed the briefs and the record before the court.

[2] The Honorable James A. Baker, Justice, succeeded the Honorable John Vance, a member of

ON REMAND FROM THE COURT OF CRIMINAL APPEALS

STEWART, Justice.

A jury convicted George Ray Alexander of attempted burglary of a habitation and assessed punishment, enhanced by one prior felony conviction, at fifty years' confinement and payment of a $10,000.00 fine. A panel of this Court reversed appellant's conviction, holding that the evidence was insufficient to prove ownership of the habitation as alleged in the indictment. *Alexander v. State*, No. 05–85–00262–CR (Tex. App.—Dallas, January 13, 1986) (unpublished). The court of criminal appeals granted the State's petition for discretionary review and reversed the judgment of this Court, 753 S.W.2d 390. The cause has been remanded to this Court to reconsider the sufficiency of the evidence in light of the court of criminal appeals' holding. After reconsideration, we conclude that the evidence is sufficient.

Because we conclude that there is sufficient evidence, we must also address appellant's remaining points of error. Appellant contends that the trial court erred in: 1) instructing the jury that the intent to commit theft may be presumed from illegal entry of a habitation at nighttime; and 2) admitting evidence of an invalid prior conviction for enhancement purposes. We hold that the jury instruction violated appellant's right to due process under the federal constitution and that appellant was harmed by the unconstitutional instruction. Accordingly, we reverse the judgment of the trial court and remand for new trial.

We turn first to the sufficiency of the evidence. The court of criminal appeals held that the ownership allegations in the indictment may be proved by evidence that the alleged owner had a greater right to possession of the property than did appellant. *Alexander v. State*, 753 S.W.2d 390, 393 (Tex.Crim.App.1988). The standard for appellate review of the sufficiency of the evidence is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim. App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985).

■ The indictment alleged that Conrad Villanueva [4] was the owner of the habitation which appellant attempted to enter. Villanueva and Floriberto Bartolla were neighbors in a duplex, each residing in a separate part of the duplex. Although each was responsible for paying rent only for his part of the duplex, both were sometimes given access to the other's part. Appellant was caught by Villanueva attempting to enter a window attached to the side of the duplex in which Bartolla resided.

Villanueva and Bartolla were friends as well as neighbors and frequently socialized together. Villanueva often entered Bartolla's portion of the duplex when Bartolla was not there to borrow tools or to gather food and diapers when babysitting Bartolla's children. Villanueva had keys to Bartolla's door. When Bartolla leaves town, Villanueva watches his portion of the duplex. Villanueva testified that he had a greater right to possession of the Bartolla apartment than did appellant.

We conclude that this evidence, viewed in the light most favorable to the verdict, supports a finding that Villanueva had a greater right of possession of the premises than did appellant. Thus, the evidence supports the indictment allegation that Villanueva was the owner of the premises. Point of error two is overruled.

the original panel. Justice Baker has reviewed the briefs and the record before the court.

**3.** The Honorable Linda Thomas, Justice, succeeded the Honorable Ted Akin, a member of the original panel. Justice Thomas has reviewed the briefs and the record before the Court.

**4.** The indictment actually spelled the name Villanuva. Villanueva testified that he answered to both names and appellant does not complain on appeal about the variance between the proof and the indictment.

In his first point of error, appellant contends that the trial court erred in instructing the jury that the intent to commit theft may be presumed from illegal entry of a habitation at nighttime. The portions of the jury charge on the intent to commit theft are set out below:

8.

In this case, the indictment having charged that the burglarious attempted entry, if any, was made with intent to commit the crime of theft, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the attempted entry, if any, was so made with the intent to commit the specific crime of theft.

9.

Intent, as used in this charge, maybe [sic] inferred by acts done or words spoken.

10.

\*   \*   \*   \*   \*   \*

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

*You are further instructed that our law provides that if an entry to a habitation is made without effective consent of the owner, during the nighttime, the jury may presume that such entry was made with intent to commit theft.*

(Emphasis added). Appellant objected at trial that the underlined portion of the charge violated his due process rights.[5]

■ The due process clause of the fourteenth amendment to the federal constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970). This constitutional principle prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344, 352 (1985); *Sandstrom v. Montana*, 442 U.S. 510, 520–24, 99 S.Ct. 2450, 2457–59, 61 L.Ed.2d 39, 48–51 (1979).

■ Because the State must prove each element of the offense beyond a reasonable doubt, it may not shift the burden of proof to the defendant by presuming one element upon proof of the other elements of the offense. *Francis*, 471 U.S. at 314, 105 S.Ct. at 1971, 85 L.Ed.2d at 353; *Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 2329, 53 L.Ed.2d 281, 295 (1977). Such a presumption is improper if it removes the presumed element from the case once the State has proved the predicate facts giving rise to the presumption or if it requires the jury to find the presumed element unless the defendant persuades the jury that such a finding is unwarranted. *See Sandstrom*, 442 U.S. at 517–18, 99 S.Ct. at 2455–56, 61 L.Ed.2d at 47–48; *Francis*, 471 U.S. at 314 n. 2, 105 S.Ct. at 1971 n. 2, 85 L.Ed.2d at 353 n. 2. Jury instructions on a presumption violate due process if a reasonable juror could have given the presumption conclusive or persuasion-shifting effect. *Sandstrom*, 442 U.S. at 519, 99 S.Ct. at 2456–57, 61 L.Ed.2d at 48. Such a presumption is termed mandatory. *Francis*, 471 U.S. at 314, 105 S.Ct. at 1971, 85 L.Ed.2d at 353. A permissive inference, one that clearly informs the jury

---

5. We are aware that since the trial of this case, the court of criminal appeals has held that a charge on the presumption given in this case is erroneous because section 2.05 of the Penal Code does not authorize instructions on presumptions not set out in the Penal Code or other penal law. *See LaPoint v. State*, 750 S.W.2d 180 (Tex.Crim.App.1986). The court has also held that the instruction constitutes an impermissible comment on the weight of the evidence. *Browning v. State*, 720 S.W.2d 504 (Tex.Crim. App.1986). We note, however, that appellant did not object on these grounds at trial. Thus, we address only his contention that the instruction on the presumption violates due process.

that it is not bound to follow it, violates the due process clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury. *Ulster County Court v. Allen,* 442 U.S. 140, 157–63, 99 S.Ct. 2213, 2224–27, 60 L.Ed.2d 777, 792–94 (1979).

In determining whether the presumption is mandatory or permissive, we must pay "careful attention to the words actually spoken to the jury ... for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom,* 442 U.S. at 514, 99 S.Ct. at 2454, 61 L.Ed.2d at 45. We are aware that at least one Texas appellate court has characterized the presumption of intent to commit theft arising from nighttime entry as a permissible inference rather than a mandatory presumption. *See Pennock v. State,* 725 S.W.2d 414, 416 (Tex.App.—Houston [1st Dist.] 1987, no pet.). The legal effect to be given the presumption under the law is not, however, the issue; the point is whether the instruction informed a reasonable juror that he was free to ignore the presumption. *Sandstrom,* 442 U.S. at 516–17, 99 S.Ct. at 2455, 61 L.Ed.2d at 46.

In *Bellamy v. State,* 742 S.W.2d 677 (Tex.Crim.App.1987), the court of criminal appeals stated that all proper presumptions in Texas are to be construed as permissive, "at least so long as the language of section 2.05 [of the Penal Code] ... is adequately incorporated in the jury charge." *Id.* at 682. The Penal Code requires the trial court to charge the jury, in part, that it "may find that the element of the offense sought to be presumed exists, *but it is not bound to so find.*" TEX.PENAL CODE ANN. § 2.05(2)(B) (Vernon Supp.1988) (emphasis added). The charge in the instant case does not incorporate the cautionary language of section 2.05. Thus, we may not automatically construe the presumption language as permissive and not mandatory.

The State argues that the presumption given to the jury was plainly permissive, because it informed the jury that it "may

presume," not that it "must presume." The State points to language in *Sandstrom* that suggests that the presumption in that case was constitutionally infirm only because the jurors "were not told that they had a choice, or that they *might* infer that conclusion." *Sandstrom,* 442 U.S. at 515, 99 S.Ct. at 2454, 61 L.Ed.2d at 45 (emphasis added). We recognize that "may" is usually considered permissive. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1396 (1981). However, we cannot focus on one word in the charge; our analysis requires us to consider the presumption in the context of the charge as a whole. *Francis,* 471 U.S. at 315, 105 S.Ct. at 1971, 85 L.Ed.2d at 354. Further, we note that a jury instruction reading, "intent to kill *may* be presumed from use of a deadly weapon," has been treated as a mandatory presumption. *See Sturgis v. Goldsmith,* 796 F.2d 1103, 1107 (9th Cir. 1986).

We turn now to an examination of the charge as a whole. The jury was given two separate instructions on how it could determine intent. First, it was instructed that it might *infer* intent by acts done or words spoken. Second, it was informed that it might *presume* intent from the nighttime entry. From these separate and distinct instructions concerning intent, a reasonable juror could have concluded that he was to view nighttime entry differently from other "acts done or words spoken." To infer intent, one would derive that conclusion from facts or premises. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1158. To presume intent, one would suppose it to be true *without proof. Id.* at 1796. Thus, a reasonable jury could have concluded that once it found nighttime entry, it was to take as true appellant's intent to commit theft without proof of intent by the State. That the *inference* of intent was somehow different from the *presumption* of intent was further emphasized to the jury by the instruction that the presumption is one "that our law provides." The last instruction of the court to the jury was that it was "bound to receive that law from the court" and that it was to "be bound thereby."

The Supreme Court has established a low threshold standard for whether a reasonable juror believed he was bound by a presumption. Thus, in *Sandstrom,* the court stated:

> We do not reject the possibility that some jurors may have interpreted the challenged instruction as permissive, or, if mandatory, as requiring only that the defendant come forward with "some" evidence in rebuttal. However, the fact that a reasonable juror *could have given* the presumption conclusive or persuasion-shifting effect means that we cannot discount the possibility that Sandstrom's jurors actually did proceed upon one or the other of these latter [unconstitutional] interpretations.

*Sandstrom,* 442 U.S. at 519, 99 S.Ct. at 2456–57, 61 L.Ed.2d at 48 (emphasis added). We conclude that the instruction in appellant's case did not clearly inform the jury that it was not bound to follow the presumption. *See Bellamy,* 742 S.W.2d at 684 (instruction created mandatory presumption when charge did not adequately inform jury that it was not bound to follow it). Thus, a reasonable juror could have given the presumption conclusive or persuasion-shifting effect. Accordingly, we hold that the jury instruction created an unconstitutional presumption.

■ Having found constitutional error, we must now determine whether this error requires reversal of the conviction. Because appellant objected at trial to the submission of the instruction to the jury, we proceed to conduct a harm analysis in keeping with the recent pronouncement of the Supreme Court in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). *See Bellamy,* 742 S.W.2d at 685 (where defendant objects at trial, *Rose v. Clark* harm analysis applies; where no objection, analyze harm according to *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985)). In *Rose,* the Supreme Court held that the harm analysis established in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), applies to jury instructions that violate the principles of *Sandstrom* and *Francis.*

*Chapman* requires the State, as beneficiary of the constitutional error, to prove beyond a reasonable doubt that the error did not contribute to appellant's conviction. *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710–11; *Foster v. State,* 687 S.W.2d 65, 66 (Tex.App.—Dallas 1985, pet. ref'd); TEX.R.APP.P. 81(b)(2). It has been suggested that the relevant inquiry is "whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." *Rose,* 478 U.S. at 583, 106 S.Ct. at 3109, 92 L.Ed.2d at 474 (quoting *Connecticut v. Johnson,* 460 U.S. 73, 97 n. 5, 103 S.Ct. 969, 983 n. 5, 74 L.Ed.2d 823, 841 n. 5 (1983) (Powell, J., dissenting)).

Appellant's intent was clearly at issue in the case at bar. In fact, the prosecutor argued to the jury that ownership of the premises and identity of the burglar were not in issue, leaving intent as the only contested issue. The only evidence of intent was that mentioned in the mandatory presumption—nighttime entry. We are not persuaded beyond a reasonable doubt that evidence of intent was so dispositive that we may conclude that the jury did not rely upon the unconstitutional presumption. Accordingly, we sustain appellant's first point of error.

■ In his third point of error, appellant contends that an aggravated robbery conviction alleged for enhancement purposes was void because it was supported by no evidence. Specifically, he argues that there is no evidence to show he threatened any person with imminent bodily injury or death because of an omission in his judicial confession. Appellant has, however, failed to include in the record the statement of facts of the hearing on the guilty plea in the aggravated robbery case. Thus, we are unable to determine whether evidence other than the judicial confession was admitted to support the aggravated robbery conviction.

At trial, appellant offered a bill of exceptions, stating that the court reporter's notes of the aggravated robbery guilty plea

hearing had been lost or destroyed.[6] Appellant testified that he did not orally confess at that hearing, nor make any oral statement that substituted for the omitted portion of the judicial confession. There is nothing in the bill of exceptions to show, however, that the State did not call witnesses, other than appellant, who testified that he threatened some person with death or imminent bodily injury during the course of the aggravated robbery.

Without the statement of facts, or a bill of exceptions or stipulation concerning the evidence adduced at the prior trial, appellant's contention does not rise to the level of a "no evidence" claim, and must be viewed as an impermissible collateral attack on the sufficiency of the evidence. *Legg v. State*, 594 S.W.2d 429, 432 (Tex. Crim.App.1980); *Newton v. State*, 629 S.W. 2d 206, 209 (Tex.App.—Dallas), *rev'd on other grounds*, 641 S.W.2d 530 (Tex.Crim. App.1982). Point of error three is overruled.

To recapitulate, we hold that the evidence is sufficient to support appellant's conviction. Further, we must construe appellant's contentions regarding the prior conviction alleged for enhancement purposes as an impermissible collateral attack. However, because we conclude that appellant's constitutional rights were violated by the inclusion of a mandatory presumption in the jury charge, we reverse the judgment of the trial court and remand for new trial.

---

6. Because appellant does not suggest anything improper in the loss or destruction of the court reporter's notes, we assume that the court reporter discharged his or her duty of preserving the notes for three years from the date on which they were taken. TEX.GOV'T CODE ANN. § 52.046(a)(4) (Vernon 1986).