TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00155-CR







Curtis Wayne Burleson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8654, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING








 Following a nonjury trial, the court found appellant Curtis Burleson guilty of
burglary of a habitation. See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). The trial court
assessed punishment, enhanced by a previous conviction, at five years' confinement. Appellant
raises a sole point of error contending that the evidence is insufficient to support his conviction. 
We will affirm the judgment of conviction. 

 The complaining witness, Carolyn Freeman, lived in a house owned by a relative
located at 305 Washington Street in Smithville. At some point after moving into the house,
Freeman suffered a back injury which required her to stay in Austin. She was last at the house
on November 15, 1996. On January 3, 1997, while Freeman was in Austin, she received a phone
call from her daughter in Smithville informing her that pieces of furniture in the Smithville house
were missing. Freeman visited some Smithville antique dealers to see if the furniture might be
in their shops. At one of the shops, she located her mission-style rocker. She learned from the
shop's owner that he purchased the rocker from Burleson. Freeman testified that she never gave
Burleson permission to enter the house. 

 Burleson testified and conceded that he entered the house, removed some furniture
and then sold the furniture to various Smithville antique dealers. He said the only reason he did
this was because he had spoken with Freeman's daughter who told him that her mother was
moving out of the house and that he could have any furniture she did not take with her. When he
went to the house on January 3, the door was open and things were in disarray. He assumed that
Freeman had moved out and so he went in, took the rocker and later sold it to a Smithville antique
dealer. 

 In determining the sufficiency of the evidence to support a criminal conviction, the
question is whether, after viewing all the evidence in the light most favorable to the verdict, any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The trier of fact, in this
case the trial court, is the exclusive judge of the credibility of witnesses and the weight to be given
their testimony and is free to accept or reject any or all of any witness's testimony. Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The fact finder may draw reasonable
inferences and make reasonable deductions from the evidence. Benavides v. State, 763 S.W.2d
587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). In this case, the trial court as fact
finder reconciles any evidentiary conflicts. Miller v. State, 909 S.W.2d 586, 593 (Tex.
App.--Austin 1995, no pet.) (citing Bowden v. State, 628 S.W.2d 782, 787 (Tex. Crim. App.
1982)).

 A person commits burglary if, without the effective consent of the owner, one
enters a habitation with the intent to commit theft. Tex. Penal Code Ann. § 30.02(a)(1) (West
1994). Burleson concedes that the evidence supports a theft offense but contends the evidence is
insufficient to support burglary for three reasons: (1) by January 3, Freeman had abandoned the
property and did not own the house; (2) he entered the house through an open door and therefore
there was no burglary or breaking and entering; and (3) the house was not a habitation because
there was no evidence showing that the house was adapted for overnight accommodation. 

 The only testimony regarding any possible abandonment of the house by Freeman
came from Burleson who testified that on January 3 the front door was open and the house was
in disarray leading him to believe that Freeman had abandoned the house. At the time of the
incident, Freeman was staying in Austin, and although she intended to move out of the house, she
had not yet done so. The trial court, in weighing the evidence, concluded that Freeman had not
abandoned the house. 

 An "owner" is defined as a person who has title to the property or a greater right
to possession of the property than the defendant. Tex. Penal Code Ann. § 1.07(a)(35)(A) (West
1994). "Possession" is defined as actual care, custody, control, or management. Tex. Penal Code
Ann. § 1.07(a)(39) (West 1994). Thus, under the Penal Code, any person who has a greater right
to the actual care, custody, control, or management of the property than the appellant may be
alleged as the "owner." Gregg v. State, 881 S.W.2d 946, 951-52 (Tex. App.--Corpus Christi
1994, pet. ref'd) (citing Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988), on
remand, 757 S.W.2d 95, 97 (Tex. App.--Dallas, pet. ref'd)). The prosecution presented
evidence, via Freeman's own testimony, that she lived at the house and had control over what
happened at the house. The fact that Freeman's relative was the title owner did not preclude
Freeman from being considered an "owner." See Gregg, 881 S.W.2d at 952. 

 Next we address Burleson's argument that no burglary occurred because he entered
the house through an open door. An "entry" occurs when a person walks through an open door
without the owner's consent. See Johnson v. State, 664 S.W.2d 420, 422 (Tex. App.--Amarillo
1983, no pet.) (citing Seth S. Searcy III and James R. Patterson, Practice Commentary, Tex. Penal
Code Ann. § 30.02 (West 1974)); Tex. Penal Code Ann. § 30.02(b) (West 1994). Burleson
admits that he entered the house without Freeman's consent; therefore, the fact that he entered the
house through an open door is irrelevant. 

 Finally, appellant contends that the house was not a habitation. A "habitation" is
defined as "a structure . . . that is adapted for the overnight accommodation of persons." Tex.
Penal Code Ann. § 30.01 (West 1994). The controlling standard for determining whether a
structure qualifies as a habitation under this definition is expressed in Blankenship v. State, 780
S.W.2d 198 (Tex. Crim. App. 1989) (op. on reh'g). The Blankenship court noted that
determining whether a structure is or is not suitable for the overnight accommodation of persons
is a "complex, subjective factual question fit for a jury's determination." Id. at 209. Factors to
be considered include whether the structure was being used as a residence at the time of the
trespass; whether the structure "contained bedding, furniture, utilities, or other belongings
common to a residential structure"; and whether the structure was of such character that it was
likely intended to accommodate persons overnight. Id. The Blankenship court noted that "[a]ll
of these factors are relevant; none are essential or necessarily dispositive." Id.

 At the time of the incident, Freeman was staying in Austin; however, her
belongings, common to a residence, remained in the Smithville house. Additionally, the house
was a structure "of such character that it was likely intended to accommodate persons overnight." 
Id. The trial court, as fact finder, could reasonably have concluded that the house was a
habitation.

 We conclude that any rational trier of fact could have found the essential elements
of burglary beyond a reasonable doubt. Appellant's sole point of error is overruled and the
judgment is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 4, 1999

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 concluded that Freeman had not
abandoned the house. 

 An "owner" is defined as a person who has title to the property or a greater right
to possession of the property than the defendant. Tex. Penal Code Ann. § 1.07(a)(35)(A) (West
1994). "Possession" is defined as actual care, custody, control, or management. Tex. Penal Code
Ann. § 1.07(a)(39) (West 1994). Thus, under the Penal Code, any person who has a greater right
to the actual care, custody, control, or management of the property than the appellant may be
alleged as the "owner." Gregg v. State, 881 S.W.2d 946, 951-52 (Tex. App.--Corpus Christi
1994, pet. ref'd) (citing Alexander v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988), on
remand, 757 S.W.2d 95, 97 (Tex. App.--Dallas, pet. ref'd)). The prosecution presented
evidence, via Freeman's own testimony, that she lived at the house and had control over what
happened at the house. The fact that Freeman's relative was the title owner did not preclude
Freeman from being considered an "owner." See Gregg, 881 S.W.2d at 952. 

 Next we address Burleson's argument that no burglary occurred because he entered
the house through an open door. An "entry" occurs when a person walks through an open door
without the owner's consent. See Johnson v. State, 664 S.W.2d 420, 422 (Tex. App.--Amarillo
1983, no pet.) (citing Seth S. Searcy III and James R. Patterson, Practice Commentary, Tex. Penal
Code Ann. § 30.02 (West 1974)); Tex. Penal Code Ann. § 30.02(b) (West 1994). Burleson
admits that he entered the house without Freeman's consent; therefore, the fact that he entered the
house through an open door is irrelevant. 

 Finally, appellant contends that the house was not a habitation. A "habitation" is
defined as "a structure . . . that is adapted for the overnight accommodation of persons." Tex.
Penal Code Ann. § 30.01 (West 1994). The controlling standard for determining whether a
structure qualifies as a habitation under this definition is expressed in Blankenship v. State, 780
S.W.2d 198 (Tex. Crim. App. 1989) (op. on reh'g). The Blankenship court noted that
determining whether a structure is or is not suitable for the overnight accommodation of persons
is a "complex, subjective factual question fit for a jury's determination." Id. at 209. Factors to
be considered include whether the structure was being used as a residence at the time of the
trespass; whether the structure "contained bedding, furniture, utilities, or other belongings
common to a residential structure"; and whether the structure was of such character that it was
likely intended to accommodate persons overnight. Id. The Blankenship court noted that "[a]ll
of these factors are relevant; none are essential or necessarily dispositive." Id.

 At the time of the incident, Freeman was staying in Austin; however, her
belongings, common to a residence, remained in the Smithville house. Additionally, the house
was a structure "of such character that it was likely intended to accommodate persons overnight." 
Id. The trial court, as fact finder, could reasonably have concluded that the house was a
habitation.

 We conclude t