**Affirmed and Memorandum Opinion filed April 17, 2012**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00236-CR

**JEREMY MARK BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248071**

## M E M O R A N D U M     O P I N I O N

Appellant Jeremy Mark Brown appeals his conviction for capital murder,[1] contending that the evidence is legally insufficient to support his conviction.   We affirm.

### Background

During the afternoon of January 7, 2010, Joseph Morris and complainant, Kagon Watterson, were alone in the apartment that complainant shared with his girlfriend, Genieva Williams.   Morris was watching television, and complainant was asleep in front

---

[1] Tex. Penal Code Ann. § 19.03(a) (Vernon 2011).

of the television. Morris heard a knock on the door. When Morris opened the door, he saw a man he did not know. The man asked for complainant. Morris told the man that complainant was asleep and attempted to close the door. However, the man put his foot in the doorway to prevent Morris from closing the door. While Morris and the man were wrestling by the door, appellant arrived. Appellant then helped to push the door open and the two forcefully entered the apartment.

After appellant and the man entered the apartment, appellant walked toward complainant — who was still asleep on the floor — with a gun in his hand; the other man pointed his gun at Morris. Morris ran down the apartment's hallway and jumped out of the apartment window to escape. Shortly after Morris escaped, he heard a single gunshot. Complainant later was found shot in the apartment; he died from a single gunshot to the back of his head.

Appellant was indicted for and convicted of capital murder. The State did not seek the death penalty, and the trial court sentenced appellant to life imprisonment. Appellant filed a timely notice of appeal.

## Analysis

In a single issue, appellant argues that the evidence is legally insufficient to support his conviction for capital murder. Appellant was charged with intentionally causing complainant's death in the course of committing burglary of a habitation owned by complainant; according to appellant, there is insufficient evidence to establish that complainant was the owner of the burglarized premises.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v.*

*State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits the offense of capital murder if he intentionally commits a murder "in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat." Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2011).

The indictment in this case alleges that on or about January 7, 2010, appellant "unlawfully, while in the course of committing and attempting to commit the burglary of a 'habitation' owned by Kagon Watterson, 'hereinafter called the complainant,'" intentionally caused complainant's death by shooting him with a deadly weapon.

Appellant does not challenge the sufficiency of the evidence establishing that he murdered complainant or that he committed the murder in the course of a burglary of a habitation. Instead, appellant challenges the sufficiency of the evidence establishing that complainant owned the burglarized apartment. Appellant argues that the evidence does not show complainant was an owner because (1) only Williams was listed as a tenant on the lease, and complainant was not listed; (2) "Williams had let [complainant] live there for two months;" and (3) Williams did not testify that complainant had a greater right of possession of the apartment than appellant.

The Texas Penal Code defines an "owner" as someone who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Tex. Penal Code Ann. § 1.07(a)(35) (Vernon Supp. 2011). "Possession" means actual care, custody, control, or management. *Id.* § 1.07(a)(39). Thus, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be classified as the owner.

3

*Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).

Although complainant's name was not listed on the apartment lease, Williams's testimony establishes that complainant had a greater right to the actual care, custody, control, or management of the apartment than appellant. Williams testified at trial that she and complainant started dating after she moved into her apartment in November 2009. Williams testified that complainant "moved in some time in December" 2009 and had a key to the apartment. She stated that complainant lived in the apartment with her and her two sons at the time of the shooting. Williams also testified that appellant had never been in her apartment and that she "never had any dealings with" appellant. The record does not contain any evidence suggesting that appellant had a right to be in the apartment in which Williams and complainant lived together.

Based on the evidence before us, complainant resided in the apartment and had possession of the apartment. Appellant, on the other hand, had no right to be in the apartment, and forcefully gained entry to the apartment. Accordingly, there is sufficient evidence to establish complainant had a greater right to possession of the apartment than appellant and can therefore be classified as the owner of the apartment. *See id*.; *Alexander v. State*, 757 S.W.2d 95, 97 (Tex. App.—Dallas 1988, pet. ref'd) (neighbor who had been given occasional access to duplex had greater right of possession than burglar and therefore qualified as owner); *Barrera v. State*, No.14-02-00041-CR, 2002 WL 31835063, at *3 (Tex. App.—Houston [14th Dist.] Dec. 19, 2002, pet. ref'd) (not designated for publication) (complainant who stayed at mother-in-law's house while she was away had greater right of possession than burglar and thus qualified as owner).

We overrule appellant's sole issue.

**Conclusion**

We affirm the trial court's judgment.

/s/    William J. Boyce
        Justice

Panel consists of Justices Seymore and Boyce, and Senior Justice Yates.[2]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Senior Justice Leslie Brock Yates sitting by assignment.