

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

Nos. 04-12-00764-CR & 04-12-00765-CR

Leocadio **RAMIREZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B11-635 & B11-636
Honorable Rex Emerson, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 12, 2014

AFFIRMED

Leocadio Ramirez Jr. was convicted by a jury of arson and burglary of a habitation. Ramirez appeals both convictions, but he only challenges the sufficiency of the evidence supporting his burglary conviction. In his sole point of error, he contends the evidence at trial was insufficient to prove beyond a reasonable doubt that the person named in the indictment as the owner of the house he burglarized was the "owner" within the meaning of the Penal Code. We affirm.

## BACKGROUND

In September 2011, Chana Ramirez, Ramirez's wife, moved out of their home with their two children and filed for divorce. Chana's new house was on Fredericksburg Road in Kerrville, Texas. Shortly thereafter, Chana began dating Andy Perez.

On the night of November 4, 2011, Chana spent the night at the home of Janie Perez, Andy's mother. Janie had given Andy a key to her house, located on Twombly Drive in Kerrville, Texas.

The next morning, Ramirez arrived at the Twombly Drive house. He poured gasoline on Chana's car and set it on fire. He then approached the house while wielding two samurai swords and kicked the door down. Once he found Chana, Ramirez threatened her and held one of the swords against her throat and the other against her side, as she begged him not to kill her. Prior to Ramirez's forced entry, Chana called 9-1-1. A sheriff's deputy arrived and took Ramirez into custody.

## SUFFICIENCY OF THE EVIDENCE

The indictment against Ramirez alleged he "intentionally or knowingly enter[ed] a habitation, without the effective consent of Chana Ramirez, the owner thereof . . . ." *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011) ("A person commits an offense if, without the effective consent of the owner, the person . . . enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."). Ramirez argues the State did not prove by legally sufficient evidence that Chana Ramirez was the owner of the Twombly Drive house.

### *Standard of Review*

In reviewing the legal sufficiency of the evidence, we apply the familiar *Jackson* standard and ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009)

(quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted).

### *Ownership Element of Burglary*

The Code of Criminal Procedure requires that the State allege the name of the "owner" of property in its charging instrument. TEX. CODE. CRIM. PROC. art. 21.08, 21.09 (West 2009); *see Byrd v. State*, 336 S.W.3d 242, 251 & n.48 (Tex. Crim. App. 2011) (reasoning that, under articles 21.08 and 21.09 of the Code of Criminal Procedure, the ownership of stolen property constitutes part of the gravamen of the offense of theft). The State is required to prove beyond a reasonable doubt that the person alleged in the indictment as the owner is the same person as shown by the evidence to be the owner. *Byrd*, 336 S.W.3d at 252. Thus, through its indictment against Ramirez, the State took on the burden to prove beyond a reasonable doubt that Chana was an "owner" of the Twombly Drive house. *See id.*

Under the Penal Code, the State could prove Chana's ownership by showing she had: (1) title to the house; (2) possession of the house, whether lawful or not; or (3) a greater right to possession of the house than Ramirez. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West Supp. 2013). The Penal Code's definition of owner is "expansive" and "give[s] ownership status to anyone with a rational connection to the property." *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011); *see also Ex parte Davis*, 542 S.W.2d 192, 196 (Tex. Crim. App. 1976) ("The Legislature [has] recognized the concept that there are many types of possessory interest in

- 3 -

property besides ownership in title."). Under the Penal Code's definition, multiple persons may be considered "owners" of property, but only one need be alleged in the indictment. *See Gregg v. State*, 881 S.W.2d 946, 951–52 (Tex. App.—Corpus Christi 1994, pet. ref'd).

### *Greater Right to Possession*

On appeal, the State contends that it offered legally sufficient evidence to show that Chana had a "greater right to possession" of the Twombly Drive house than did Ramirez. The Penal Code defines "possession" as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2013). "Thus, under the Penal Code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the 'owner.'" *Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988). A person's "right to possession" must be measured at the time of the accused's alleged criminal act. *See Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986).

### DISCUSSION

Ramirez concedes that he had no right to possession of the Twombly Drive house. His argument on appeal is that Chana also had no right to possession of the house, and thus she could not have a "greater" right to possession than he did. Therefore, the question before us is narrowed to whether a rational juror could conclude that Chana had *any* "right to possession" to the Twombly Drive house based on the evidence presented at trial.

### *Evidence*

At trial, Janie testified that all of her sons had keys to her house. Andy and Chana entered the house with Andy's key while Janie was asleep on the night before the burglary. Janie testified that it was not "okay" for her son to do that and that Chana did not have her permission to stay the night. Janie also testified that Chana was getting ready to leave the next morning after breakfast when Ramirez arrived and set fire to Chana's car, and that she did not talk with Chana that

morning. She testified that when she heard a car alarm going off outside, she opened her door, saw Chana's car on fire, and shut and locked the door.

Chana testified differently from Janie about the events of the morning of the burglary. She testified that on the morning of the burglary she and Janie were baking a pie together in the kitchen. When she and Janie heard the car alarm, Janie opened the door. Chana testified she saw Ramirez advancing toward the house and then she shut and locked the front door.

*Application*

The evidence developed at trial did not reveal that Chana had a traditional ownership interest in the Twombly Drive house.[1] No court appears to have considered whether a rational jury could conclude, from facts similar to this case, that a person has a right to the actual care, custody, control, or management of property under the Penal Code.

The opinion of the Dallas court of appeals in *Alexander v. State* appears to be the most analogous to the case before us. In *Alexander*, the appellant was convicted of burglarizing one half of a duplex, but the owner named in the indictment lived in the other half of the duplex. 757 S.W.2d 95, 97 (Tex. App.—Dallas 1988, pet ref'd) (op. on remand). On original submission, the court of appeals held the evidence was insufficient as a matter of law because "[t]he Court of Criminal Appeals has made it clear that the 'greater right to possession' theory applies only in cases where both the owner and the defendant had a joint interest in the property or in cases involving allegations of corporate ownership." *Alexander v. State*, 753 S.W.2d 390, 391 (Tex. Crim. App. 1988) (quoting the unpublished opinion of the Dallas court of appeals on original submission). The Court of Criminal Appeals reversed, holding that "Section 1.07(a)(24) [defining "possession"

---

[1] At oral argument, the State conceded the indictment was "inartfully drafted."

in an earlier version of the Penal Code] implicitly authorizes application of the 'greater right to possession' method of proving ownership to all offenses and factual settings." *Id.* at 392–93.

On remand, the court of appeals held that a rational juror could conclude the named owner had a greater right to possession because the evidence showed that the named owner was a friend of and regularly socialized with his neighbor, he had keys to his neighbor's half of the duplex, and he regularly entered his neighbor's half when the neighbor was not there to borrow tools or get childcare supplies while babysitting his neighbor's children. *Alexander*, 757 S.W.2d at 97.

So too, we hold that a rational jury could find Chana had a greater right to possession of the Twombly Drive house than did Ramirez.[2] Viewed in the light most favorable to the verdict, the evidence showed that Chana was baking a pie with Janie on the morning of the burglary. When she heard her car alarm go off, she went with Janie to the front door, and upon seeing Ramirez, locked the door to deny him entry. From these basic facts, a rational jury could conclude that Chana was a guest[3] in the house who had the right to use kitchen appliances and implements and the right to deny entry to a person who had no right to enter the house at all.[4] Thus, the jury could have

---

[2] We note that at trial the State explicitly argued to the jury:

> Here's the determination that you need to make and it's a real thing that you need to go back there and decide, because this appears to be the sole issue. Did Chana Ramirez have a greater right than Leocadio Ramirez; okay? In Texas, that's how we determine who an owner is. It's not about title to the property or who pays the taxes on it or whatever. It's who has a greater right, so you need to go back there and you need to hold your hands up just like a scale and say does Leocadio Ramirez have more of a right or does Chana have more of a right.

[3] Because the relevant time frame to judge a person's ownership is at the time of the charged offence, whether Janie or Chana thought Chana's presence in the house the night before the burglary was right or appropriate does not appear relevant. *See Freeman*, 707 S.W.2d at 603.

[4] In support of his legal insufficiency argument, Ramirez cites to a pair of cases discussing standing under the Fourth Amendment. *Granados v. State*, 85 S.W.3d 217, 225 (Tex. Crim. App. 2002); *Meridyth v. State*, 163 S.W.3d 305, 309 (Tex. App.—El Paso 2005, no pet.). Those cases state that whether a person has a property or possessory interest in property is one of several factors in determining whether the person has a reasonable expectation of privacy in that property, and they analyze whether overnight guests have a reasonable expectation of privacy. *Granados*, 85 S.W.3d at 223–26; *Meridyth*, 163 S.W.3d at 309–11. We do not consider these cases to have persuasive value because they do not discuss or analyze the definition of owner or possession within the context of the Penal Code.

reasonably concluded Chana had a "right to actual care, custody, control, or management of the house." And although a rational jury would probably conclude that Chana's right to actual care, custody, control, or management of the Twombly Drive house was limited in scope and contingent on Janie's continued permission, a rational jury could find that Chana's limited right was greater than Ramirez's—who had no right at all. *See Garza*, 344 S.W.3d at 413 (stating the Penal Code's definition of owner is "expansive" and "give[s] ownership status to anyone with a rational connection to the property"); *cf. Alexander*, 757 S.W.2d at 97 (holding a rational jury could find the named owner's limited right to actual care, custody, control, or management of his neighbor's half of the duplex was a greater right than the defendant's).

## CONCLUSION

We hold the evidence at Ramirez's trial was sufficient for a rational jury to conclude that Chana had a greater right to possession of the Twombly Drive house than he did, and we affirm his conviction for burglary. We summarily affirm Ramirez's arson conviction because he raised no point of error with respect to it.

Luz Elena D. Chapa, Justice

Publish