# NO. 12-16-00109-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENDRICK NELSON-PHILLIPS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kendrick Nelson-Phillips appeals his conviction for burglary of a habitation. In his sole issue, Appellant argues that the trial court erred in denying his motion for directed verdict. We affirm.

## BACKGROUND

At approximately 2:00 a.m. on November 23, 2015, Kedrick Darks was at the home of his friend Sean Bennett watching a movie. Bennett was asleep in another room. Darks heard a loud noise that he initially believed emanated from the home media system, but was actually several individuals forcefully entering the home through its rear door. Two of the assailants pointed firearms at Darks, threatened him, and demanded property. Bennett awoke and attacked the assailants, who fled the home.

Bennett called 9-1-1 and described what had occurred. Tyler Police Department officers quickly observed a vehicle, which matched the description provided by Bennett, in the area and initiated a traffic stop. The occupants, including Appellant, wore clothes that matched the description provided by the victims. Moreover, a subsequent search of the vehicle revealed the presence of the same types of firearms as those described by the victims.

Appellant was arrested and indicted for burglary of a habitation. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. Among other defenses, Appellant challenged Darks' status as an "owner" of the habitation as alleged in the indictment. The jury found Appellant guilty of the charged offense. After a punishment hearing, the jury sentenced Appellant to fifty years of imprisonment. This appeal followed.

<u>**DIRECTED VERDICT**</u>

In his sole issue, Appellant argues that the trial court erred in denying his motion for directed verdict because the State "alleged a complainant in the indictment who did not own the residence."

**<u>Standard of Review</u>**

A challenge to a trial court's ruling on a motion for directed verdict is a challenge to the sufficiency of the evidence to support a conviction, and is reviewed under the same standard. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). When determining if evidence is sufficient to sustain a conviction, the court must apply the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks*, 323 S.W.3d at 899. In order to consider the evidence in the light most favorable to the verdict, we must defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in

favor of the verdict and defer to the fact finder's resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

We also measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## Applicable Law

The trial court must "distinctly" instruct the jury on the law applicable to every issue raised by the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). Thus, the charge of the court must communicate each statutory definition that affects the meaning of an element of the offense. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009).

In relevant part, a person commits burglary if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02(a) (3) (West 2011). The Code of Criminal Procedure requires that the State allege the name of the "owner" of property in its charging instrument. TEX. CODE CRIM. PROC. ANN. arts. 21.08, 21.09 (West 2009); *see Byrd v. State*, 336 S.W.3d 242, 251 & n. 48 (Tex. Crim. App. 2011). The State is required to prove beyond a reasonable doubt that the person alleged in the indictment as the owner is the same person as shown by the evidence to be the owner. *Byrd*, 336 S.W.3d at 252.

The penal code defines an "owner" as a person who has "title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West Supp. 2016); *Morgan v. State*, 501 S.W.3d 84, 91 (Tex. Crim. App. 2016) (stating that Texas Penal Code definition of

3

"owner" is the relevant definition for burglary prosecution). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39).

"To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given 'owner' an expansive meaning that anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the property than the defendant, is an owner of the property." *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011). "Thus, under the Penal Code, any person who has a greater right to the actual care, custody, control, or management of the property than the defendant can be alleged as the 'owner.'" *Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988). A person's "right to possession" must be measured at the time of the accused's alleged criminal act. *See Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986).

**Discussion**

Appellant argues that the evidence is insufficient to establish that Darks was an "owner" of the habitation as alleged in the indictment. The indictment alleged that Appellant "did then and there intentionally and knowingly enter a habitation, without the effective consent of Kendrick Darks, the owner thereof, and attempted to commit or committed the felony offense of aggravated robbery and aggravated assault." The alleged victim's name is Kedrick Darks, not "Kendrick Darks" as alleged in the indictment.[1] The jury charge contained the proper definitions of "owner" and "possession."

Darks testified that Bennett was his best friend and that he would often spend the night at Bennett's home. Bennett testified that he lived at the home where the invasion took place, Darks was his friend who would occasionally spend the night, and that he was an invited guest on the night of the invasion.

A homeowner's guest, such as Darks, has a greater right to the actual care, custody, control, or management of the habitation than an uninvited assailant such as Appellant. *See Ramirez v. State*, 429 S.W.3d 686, 689-90 (Tex. App.—San Antonio 2014, pet. ref'd). Consequently, the jury could have reasonably concluded that Darks was an "owner" of the

---

[1] Appellant did not challenge the indictment. Furthermore, Appellant did not object to the jury charge's reference to the victim's identity as Kedrick Darks rather than Kendrick Darks or raise that issue in this appeal.

4

habitation as alleged in the indictment. *See **Morgan***, 501 S.W.3d at 91-92; ***Ramirez***, 429 S.W.3d at 689-90.

Viewing all the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding Appellant guilty of burglary of a habitation, beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; *see also **Brooks***, 323 S.W.3d at 899; TEX. PENAL CODE ANN. § 30.02(a) (3). Because the trial court did not err by denying Appellant's motion for a directed verdict, Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 25, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 25, 2017

NO. 12-16-00109-CR

**KENDRICK NELSON-PHILLIPS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1669-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*