

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-0480-10

**NEREO PENA GARZA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. ALCALÁ, J., did not participate.

## O P I N I O N

In a single trial, a jury found appellant guilty of first-degree-felony aggregated theft, and assessed punishment at seven years' confinement and a $5,000 fine. It also found him guilty of second-degree-felony aggregated theft and assessed punishment for that offense at six years' confinement and a $10,000 fine. In a single opinion, the court of appeals affirmed both judgments. *Garza v. State*, No. 01-08-00529-CR and 01-08-00530-CR, 2010 Tex. App. LEXIS 2297 (Tex. App. – Houston [1ˢᵗ Dist.] 2010) (not designated for publication). Appellant sought discretionary review of both convictions, but we granted review of only the first-degree-felony case and refused review

of the second-degree-felony case.  We affirm the judgment of the court of appeals.

Appellant's indictment charged him with unlawfully appropriating property, namely money owned by Dennis Leahy, pursuant to one scheme and continuing course of conduct occurring "on or about June 2, 2003 through August 30, 2005," and alleged that "the total value of the property appropriated was over two hundred thousand dollars."  The jury convicted  appellant of "theft of property of the total value of over two hundred thousand dollars, as charged in the indictment" and sentenced him to seven years' imprisonment and a five-thousand-dollar fine.

On direct appeal of this conviction, appellant claimed that the evidence was legally insufficient to support the guilty verdict because the state failed to prove an essential element of the crime as indicted–that Dennis Leahy was the owner of the property.  He also asserted that the state failed to prove the amount of money stolen because it presented insufficient evidence to distinguish between money obtained by invalid warrant claims and funds received through honest work.  The court of appeals determined that the evidence was legally sufficient to show that Leahy was the owner and that there was legally sufficient circumstantial evidence of the amount stolen. *Garza v. State*, 2010 Tex. App. LEXIS 2297 at **11-13.  We granted appellant's sole ground for review.

> The First Court of Appeals erred by holding that in an aggregate theft case the State is not required to prove that the special owner was an employee of the corporation at the time of each theft.

We affirm the judgment of the court of appeals.

This case involved a private secondary school that had acquired laptop computers for use by its students.[1]  For the first three years of the program, students purchased laptops from Hewlett

---

[1] The chief administrator of the school indicated that the students' families purchased the laptops, although through the school's large financial-aid program the school did pay all or part of the cost for some students, depending on the circumstances.

3

Packard, which provided a four-year manufacturer's warranty for each computer that covered each student through graduation. *Garza v. State*, 2010 Tex. App. LEXIS 2297 at **1-2. The school arranged for repairs of those laptops to be made at an on-campus centralized computer-repair facility, the C.A.V.E. (Computer Audio Visual Equipment). Appellant was hired by the school to work as a network and software technician and was assigned to the C.A.V.E. to work under the supervision of the school's "technology person." After several years of operation, concerns arose about procedures in the C.A.V.E. The school conducted an investigation and determined that a large number of replacement parts for the laptops were being stockpiled at the C.A.V.E. School officials contacted Hewlett Packard, which sent Dennis Leahy, an investigator who worked for Hewlett Packard Global Security Group, to investigate allegations of warranty fraud. After investigation, appellant and a co-actor, whose company had been hired to work as the school's Hewlett Packard warranty-repair provider, were arrested and indicted for theft. *Id*. at **2-4.

This appeal involves only appellant's conviction for theft from Hewlett Packard.[2] The indictment alleged that "on or about June 2, 2003 through August 30, 2005," appellant did "unlawfully, pursuant to one scheme and continuing course of conduct, appropriate, by acquiring and otherwise exercising control over property, namely, money, owned by Dennis Leahy," with the intent to deprive Leahy of the property "and the total value of the property appropriated was over two hundred thousand dollars." After a trial by jury, appellant was convicted of "theft of property of the total value of over two hundred thousand dollars, as charged in the indictment."

**Arguments of the Parties**

[2] Appellant was also convicted of theft from the insurance company that offered optional supplemental insurance coverage for computer repairs that were not covered by the Hewlett Packard warranty. We refused appellant's petition for discretionary review of the court of appeals decision regarding that case.

Appellant asserts that the evidence was insufficient because the state presented no evidence that the alleged owner, Leahy, "had the right to care, custody, or control of the property at the time of the theft." He adds that Leahy "was not even an employee of the company during the vast majority of time during the alleged aggregate theft."

The state responds that the court of appeals "correctly affirmed the conviction because an aggregated theft is considered to be one offense completed on the last day of the alleged scheme or course of conduct." It also avers that "the evidence, when viewed in the light most favorable to the verdict, showed that the alleged owner was working for the actual victim during the entire course of the aggregated theft." The state also asserts that "the evidence was sufficient to sustain the conviction under the hypothetically correct jury charge because such a charge would not have included the name of the owner, which is not an element of the offense of theft."

Appellant points out that, at trial in June of 2008, Leahy testified that he had worked for Hewlett Packard for "[a] little over three years." Appellant asserts that, based on that testimony, Leahy's employment must have begun sometime "a little" before June of 2005. The state suggests that "a little" is "so vague and undefined that it is essentially meaningless; one juror might think that a little means three months, while another might think that a little means three years."

Since he was charged with appropriating money owned by Leahy occurring "on or about June 2, 2003 through August 30, 2005," appellant argues that, for the vast majority of time during the commission of the aggregated theft, Leahy was not employed at Hewlett Packard and did not have any right of possession. Because Leahy "had no possessory interest in the money whatsoever because he did not even work for Hewlett Packard during the period of alleged theft," Leahy could not have a greater right to possession than did appellant. Appellant also asserts that the state is obliged to

provide proof of ownership for at least enough of the thefts to meet the alleged value.

While we observe that nowhere in the Penal Code is the name of the owner made a substantive element of theft, we have recently recognized that the Code of Criminal Procedure, as a matter of state law, requires the state to allege the name of the owner of the property in its charging instrument. *Byrd v. State*, 336 S.W.3d 242, 251, No. PD-0738-10 (Tex. Crim. App. delivered March 30, 2011), 2011 Tex. Crim. App. LEXIS 415 at **24-25. Other cases have held that ownership may be alleged as either the actual or a special owner, where a special owner is a person who has actual custody or control of property that belongs to another person. *See, e.g., Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993), and *Freeman v. State*, 707 S.W.2d 597, 602-03 (Tex. Crim. App. 1986). "Although the *name* of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same *person* (or entity) . . . as shown by the evidence." *Byrd* at 252.

"A 'special owner' is an individual who is in custody or control of property belonging to another person." *Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993). To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given "owner" an expansive meaning: anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the property than the defendant, is an owner of the property. *Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986); TEX. PENAL CODE § 1.07(a)(35)(A). "Possession" is defined to mean actual care, custody, control, or management. TEX. PENAL CODE § 1.07(a)(39). Thus the state properly alleged a Hewlett Packard employee as the owner of the property.

The court of appeals compared this case, which was charged as an aggregated theft, with other aggregated theft cases in which we held that such aggregated theft is the sum of all its parts and a part is a completed theft whose elements have all been proven. *Garza v. State*, 2010 Tex. App. LEXIS 2297 at \*\*9-10. The court of appeals reasoned that, "because the State does not have to prove each individual theft in an aggregate theft case, it likewise is not required to prove that the special owner was an employee of the corporation during the time of each individual theft." *Id.* at \*10. It also noted that, "in aggregate theft cases, the statute of limitations does not begin to [run] until the date of the commission of the final incident of theft and therefore the entire theft is deemed to occur on the date of the most recent theft." *Id.*, citing *Tita v. State*, 267 S.W.3d 33, 35 n.1 (Tex. Crim. App. 2008).[3] The court of appeals also cited our opinion in *Weaver v. State*, 982 S.W.2d 892, 893-95 (Tex. Crim. App. 1998), which held that, based upon a prosecution of aggregated theft arising out of a single scheme, venue was proper in one county even though offenses against some of the complainants took place outside that county. *Id.* at \*\*10-11. It also pointed to the TEX. PENAL CODE § 31.09 provisions for aggregation of amounts involved in theft, which provides that "the conduct may be considered as one offense and the amounts aggregated in determining the grade of offense." *Id.* at \*10. The court of appeals concluded that Leahy was a Hewlett Packard employee with a greater right of control over the corporation's money than appellant at some point during commission of the aggregated offense, therefore the evidence was legally sufficient to show that Leahy was the owner. *Id.* at \*11.

---

[3] We observe that in *Tita*, *supra* at n.1, we specifically said that "the limitations period for aggregated theft begins to run on the date of the last theft, i.e., the end date of the 'scheme or continuing course of conduct' in question." We did not say that the entire theft is deemed to occur on the date of the most recent theft, only that the limitations period begins to run on the date of the last theft.

Appellant's sole ground for review challenges the court of appeals's holding that, in an aggregated-theft case, the state is not required to prove that the special owner was an employee of the corporation at the time of each theft and suggests that the special owner is required to be an employee of the corporation at the times when property of sufficient values to meet the indictment's value alleged was unlawfully appropriated. Appellant argues that the state "is obliged to provide full proof of ownership for at least enough of the thefts to meet the alleged value" and that it is the state's burden "to provide full proof beyond a reasonable doubt of enough acts of theft to meet the value alleged in the indictment." He suggests that "[b]y holding that a special owner need not have a greater right to possession than the accused except for at any one point in time during a multi-year aggregate theft, the State's burden of proof has been effectively whittled away to nothing."

**Analysis**

Each individual theft is an element of the aggregated theft described by § 31.09. *Weaver*, *supra* at 893. While the name of the owner is not a substantive element of theft, the state is required to prove, beyond a reasonable doubt, that the person alleged in the indictment as the owner is the same person shown by the evidence presented at trial to be the owner by the evidence. *Byrd, supra* at 252.

In cases in which the actual owner of the stolen property is a single entity rather than a natural person, the better practice may be to allege the single entity, such as Hewlett Packard, as the actual owner.[4] An employee of the entity may then testify as an agent of the entity. In this case, Leahy, as an employee of Hewlett Packard, was properly alleged as the special owner of the unlawfully

---

[4] If the aggregated theft is in the nature of a Ponzi scheme, each owner, whether an entity or a natural person, must be appropriately alleged.

appropriated money. As a proper special owner, he was competent to attest to the value of the stolen property, even though he was not employed by Hewlett Packard at the time of many of the alleged thefts. Hewlett Packard was the owner of the stolen property at the time of each theft, and, although alleged to be a special owner, Leahy functioned as Hewlett Packard's agent when he testified about the value of the total loss.

We affirm the judgment of the court of appeals.

Delivered: June 29, 2011
Publish