Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00725-CR

———————————

Shawn Frank Butler, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 23rd District Court

Brazoria County, Texas



Trial Court Case No. 62013

 



 

MEMORANDUM OPINION

          A jury convicted appellant Shawn Frank
Butler of the state jail felony offense of theft of property worth less than
$1,500 with two prior convictions for theft. 
See Tex. Penal Code Ann. § 31.03(a),
(e)(4)(D) (West Supp. 2011) (establishing
offense).  The jury sentenced him to two years in
jail.  Butler argues that
there was a material variance between the indictment and the proof at trial
regarding the identity of the owner of the allegedly stolen property.  He also argues that there was legally
insufficient evidence that he intended to deprive the owner of the
property.  We affirm the judgment.

Background

          Pearland Best Buy employee Marlin
Williams was carrying a television toward the front of the store when he saw
two men putting cell phones into their pants. 
Williams laid down the television, alerted the door greeter to “put the
camera on” the men, and stood in the exit doorway.  One of the men set off the store’s security
alarm as he walked through the exit doors, hitting Williams’s arm on the way
out.  He fled the scene in an SUV.  The other man, Butler, walked past the sales
registers to the entrance doors, which do not open automatically from the
inside and did not open.  Butler turned
around and returned to the aisles to reshelf two phones in a section displaying
a different class of merchandise.  He
then walked out of the exit doors without any merchandise.

          As Williams followed Butler out of the
store, he spotted two Pearland Police Department officers.  Williams told the officers what had happened
and asked for their help.  The officers
detained Butler near Best Buy and escorted him back to the store to be
identified by witnesses.  A Brazoria
County Sheriff’s deputy subsequently took Butler to jail.

          The indictment accused Butler of
having

intentionally or knowingly, unlawfully appropriate[d], by acquiring or
exercising control over property, to-wit: cell phones, owned by Martin
Williams, Best Buy, hereinafter referred to as Complainant, without the
effective consent of Complainant and with intent to deprive Complainant of said
property, said property having a value of less than Fifteen Hundred and No/100
($1,500.00) Dollars . . . .

A
jury found Butler guilty of theft of property worth less than $1,500 with two
or more previous convictions and sentenced him to two years in jail.  See Tex. Penal Code Ann. § 31.03(a),
(e)(4)(D).  Butler appeals from this conviction.

Analysis

I.              
     Variance

In his first issue, Butler argues that there is a fatal
variance between the charging instrument and the proof at trial regarding the
owner of the cell phones.  The trial
record shows that Best Buy employee Marlin Williams testified against Butler,
while the indictment alleges that the owner of the cell phones is “Martin
Williams, Best Buy.”  Butler argues that
it is impossible to determine whether these two men are the same person, and
also that there was no testimony concerning who was the owner of the stolen
property.

          The State argues that Butler failed to
preserve the variance issue in the trial court, and he therefore cannot raise
it for the first time on appeal.  The
State also argues that the rule of idem sonans applies, so that the variance in spelling
between the two names is immaterial. 
Alternatively, the State argues that Butler understood before trial that
Best Buy was the alleged owner of the cell phones, and so to the extent there
was a variance, his substantial rights were not prejudiced.

          “A ‘variance’ occurs when there is a
discrepancy between the allegations in the charging instrument and the proof at
trial.”  Gollihar v. State, 46 S.W.3d 243,
246 (Tex. Crim. App. 2001).  Texas
courts routinely treat the issue of variance as one concerning the legal
sufficiency of the evidence.  Id. at 247.  An appellate court must always address
challenges to the legal sufficiency of the evidence, which need not be
preserved at the trial level for appellate review.  Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001).  Thus, we will review the record for a
material variance between the charging instrument and the proof at trial, as
Butler urges.  See id.; Gollihar,
46 S.W.3d at 246.

A court must conduct a
materiality analysis in all cases that involve a sufficiency of the evidence
claim based upon a variance between the indictment and the proof.  Fuller
v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002) (citing Gollihar, 46
S.W.3d at 257).  The variance must be
material to render the evidence insufficient.  Gollihar, 46 S.W.3d at 257.  A material variance is one that is likely to
prejudice the defendant’s substantial rights by either failing to give the
defendant notice of the charges or by allowing a second prosecution for the
same offense.  See Byrd v. State, 336 S.W.3d 242, 247 (Tex. Crim. App. 2011); Fuller, 73 S.W.3d at 253.  Only a material variance between the
indictment and the proof presented at trial renders the evidence insufficient and requires
reversal.  Mueshler v. State, 178 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.] 2005,
pet. ref’d) (citing Gollihar, 46 S.W.3d at 257).  Conversely, an immaterial
variance is disregarded in a sufficiency-of-the-evidence review.  Gollihar, 46 S.W.3d at 258.

          A person commits theft “if he
unlawfully appropriates property with intent to deprive the owner of
property.”  Tex. Penal Code Ann. § 31.03(a). 
An appropriation of property is unlawful when “it is without the owner’s
effective consent.”  Id. § 31.03(b)(1).  For the purposes of the Penal Code, the
legislature has expansively defined the term “owner” to include a person who
“has title to the property, possession of the property, whether lawful or not,
or a greater right to possession of the property than the actor.”  Tex.
Penal Code Ann. § 1.07(a)(35)(A) (West
Supp. 2011); see also Garza v. State,
344 S.W.3d 409, 413 (Tex. Crim. App. 2011). 
“Possession” is defined to mean “actual care, custody, control, or
management.”  Tex. Penal Code Ann. § 1.07(a)(39).  Thus, an “owner,” for the purposes of the
statutory offense of theft, may be either the “actual owner,” or he may be a
“special owner” who has actual care, custody, control, or management of
property that belongs to another person. 
Byrd, 336
S.W.3d at 251–52.
 Although the State does not need to
prove the name of the owner, the State is required to prove, beyond a
reasonable doubt, that the person alleged in the indictment as the owner has
the same identity as the person proven at trial to be the owner.  Id. at 252–53.

Even though the name of the owner is not an element of theft,
the Code of Criminal Procedure requires the State to allege the owner’s name in
the charging instrument.  Id. at 251 & n.48
(citing Tex. Code Crim. Proc. art. 21.08).  When an entity, such as a
corporation, is the actual owner of the property, “it is perfectly permissible,
and sometimes preferable, to now allege the corporation . . . as the owner of the property and
then call any agent or employee who holds a relevant position in the company to
testify that the corporation did not give effective consent for a person to
steal or shoplift its property.”  Id. at 252.  Alternatively, it is permissible for the
State to allege than an agent—the special owner—is the owner
and then call that agent to testify on behalf of the entity, the actual
owner.  See Garza, 344 S.W.3d at 414.

Butler relies heavily
on Byrd v. State, 336 S.W.3d 242
(Tex. Crim. App. 2011), to argue that his case presents a material variance.  Byrd was accused of leaving a Wal-Mart store
with merchandise without paying.  Byrd, 336 S.W.3d at
244–45.  The information
identified the “owner” of the property as “Mike Morales.”  Id. at 245.  Despite
no one referring to “Mike Morales” in any way during trial, Byrd was found
guilty.  Id.  Observing that the State
failed to prove that someone named “Mike Morales” had any ownership interest in
the stolen property, the Court of Criminal Appeals held that the evidence was
insufficient to prove the allegation in the information.  Id. at 258.  Butler
argues that his case follows Byrd’s
“flawed pattern,” as there was no evidence offered regarding anyone named
“Martin Williams,” and the Marlin Williams who testified did not claim to be
the owner of the stolen property.  The
variance between the indictment and the proof at trial, Butler contends,
demands reversal of his conviction.

Butler’s argument
fails for two reasons.  First, the difference between
“Martin” and “Marlin,” which is a difference of one letter and one phoneme, is
of the kind that the Court of Criminal Appeals has held to be idem sonans,
meaning “the same sound.”  See Flanagan v. State, 620 S.W.2d 591,
597–98
(Tex. Crim. App. 1981) (op. on rehearing) (holding “Cecil Chatman” and “Cecil
Chapman” to be idem sonans);
Black’s Law Dictionary 813 (9th ed.) (defining “idem sonans”).  Such a slight variance between the name
appearing in the indictment and the name of the complaining witness at trial is
immaterial.  See Flanagan, 620 S.W.2d at 598.  The variance in this case is not like the
variance in Byrd, wherein there was
absolutely no evidence concerning the person who was the alleged owner in the
information.  See Byrd, 336 S.W.3d at 245.

Second, this indictment identifies the
“owner” by reference to both the special owner, Williams, and the actual owner,
Best Buy.  The Code of Criminal procedure
provides that when “property is owned in common, or jointly, by two or more
persons, the ownership may be alleged to be in all or either of them.”  Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009). 
The Penal Code defines “owner” in such a way that it covers both actual
owners and special owners.  Compare Tex. Penal Code. Ann. § 1.07(a)(35)(A), (39), with
Byrd, 336 S.W.3d at 252.  Thus, the indictment against Butler conforms
to the statutory requisites pertaining to indictments,
insofar it alleges two common or joint owners of the phones: Williams and Best
Buy.  See
Billings v. State, 725 S.W.2d 757, 762 (Tex. App.—Houston [14th Dist.]
1987, no writ) (“[W]e hold it was appropriate to
allege the ownership in the two entities and a representative member of the
board of directors of each entity.”).

Contrary to Butler’s
argument, the proof at trial comported with the allegation of ownership by
Williams and Best Buy.  Williams
testified that he was an employee of Best Buy, the establishment in which the
theft allegedly took place.  After seeing
Butler putting phones into his pocket, Williams alerted other staff, stood at
the exit, followed Butler out of the store, and called upon peace officers to
intervene.  Although Williams was not
directly asked who owned the phones, his testimony supports an inference that
he was the special owner of the cell phones that were actually owned by Best
Buy.  See
Garza, 344 S.W.3d at 414 (affirming
theft conviction when corporate security investigator was identified in
indictment as special owner of property actually owned by corporation, and he
testified on corporation’s behalf at trial); see also Robertson v. State, 871 S.W.2d 701, 707 (Tex. Crim. App.
1993) (“Proof of ownership may be made by circumstantial evidence, just as any
other issue in a criminal case.”).  Thus,
there was no variance between the indictment and the proof at trial concerning
the identity of the phones’ owners. 
Accordingly, we overrule Butler’s first issue.

II.           
Legal
sufficiency

In his second issue,
Butler argues that the State presented legally insufficient evidence on the
theft element of “intention to deprive.” 
He asserts that in retail stores, customers are encouraged to pick up
items as they shop and to return them to the shelves if they later change their
minds.  Thus, Butler argues, his conduct
at Best Buy was consistent with that of an ordinary shopper, and the State did
not prove otherwise.

The State argues that
the evidence was legally sufficient to allow the jury to conclude that Butler’s
intention was to deprive Best Buy of its property when he put the phones in his
pants.  The State also argues that the
act of theft became complete upon Butler’s possession of the phones, and
therefore it was not necessary to prove that he carried the merchandise out of
the store in order to prove the act of theft.

When evaluating the
legal sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim.
App. 2005).  The standard is the
same for both direct and circumstantial evidence cases.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this is the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The testimony of a
single eyewitness may constitute legally sufficient evidence to support a
conviction.  See Davis v. State, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (citing Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

A person commits theft “if he unlawfully appropriates
property with intent to deprive the owner of property.”  Tex. Penal Code Ann. § 31.03(a).  Given that “intent to deprive the owner of
property” is an element of theft, see
Hawkins v. State, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.), we
must determine whether any rational trier of fact
could have found this element beyond a reasonable doubt upon the evidence
presented at trial.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.

Williams testified
that he saw Butler and a second man put phones into their pants before
attempting to leave Best Buy through separate doors.  By the time the men arrived at the doors,
they had passed all points of sale.  The
second man left the store without paying for the merchandise, hitting
Williams’s arm on the way out.  Williams
testified that he saw Butler turn around after the front doors failed to open,
reshelf the phones in a different section, and then leave the store.  This evidence was sufficient for the jury
rationally to conclude beyond a reasonable doubt that Butler put the phones in
his pants without Best Buy’s effective consent and with the intention of
depriving Best Buy of them, which is an act that satisfies the elements of
statutory theft.  See Tex. Penal Code Ann. § 31.03(a), (b)(1); Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Drichas, 175 S.W.3d at 798.  Contrary
to the implication of Butler’s argument, it was not necessary for the State to
prove that Butler left the store with the merchandise, as such proof does not
relate to any essential element of statutory theft.  See
Hawkins, 214 S.W.3d at 670 (observing that “asportation—the
act of carrying away or removing property—is not an element of statutory theft”
and affirming theft conviction of man who entered store premises after hours
and picked up roll of barbed wire but dropped it upon discovery by store
employee).  We overrule Butler’s second
issue.

Conclusion

          We affirm the judgment of the trial
court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).