**AFFIRM; Opinion issued February 21, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-00407-CR

### EDWIN DEWAYNE RODGERS, Appellant

**v.**

### THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F10-00022-Y

## OPINION

Before Justices FitzGerald, Fillmore and Richter[1]
Opinion by Justice FitzGerald

A jury convicted appellant of theft of property valued at $1,500 or more but less than $20,000 and assessed punishment, enhanced by two prior felony convictions, at twelve years' imprisonment and a $9,200 fine. In three issues on appeal, appellant asserts the trial court erred in denying his motion for a directed verdict, the evidence is insufficient to support his conviction, and the trial court erred in admitting hearsay evidence. We conclude the State established ownership as defined by the penal code, and therefore the evidence is sufficient to support appellant's conviction for theft. We further conclude that the admission of hearsay evidence, even if erroneous, did not cause appellant harm. Resolving all of appellant's issues against him, we affirm the trial court's judgment.

---

1.    The Hon. Martin E. Richter, Retired Justice, Sitting by Assignment.

**BACKGROUND**

Appellant purchased a Rolex watch for $9,201.25 from a Bachendorf's jewelry store, and his check was subsequently returned for insufficient funds. Julie Abbey, General Counsel and Chief Financial Officer ("CFO") for the company, endeavored to contact appellant and collect on the check to no avail.

When the District Attorney's office investigated, bank records for the account on which the check was written showed appellant's name on the account. The account had a $0 balance on the day the check was written, a $125 balance the day after, and a negative $357 balance three days later. The records further reflected that the check to Bachendorf's had been returned by the bank for insufficient funds on two occasions.

Appellant was charged with theft in violation of Section 31.03 of the Texas Penal Code. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2012). A jury found him guilty of the offense, but was unable to reach a verdict on punishment. The trial court declared a mistrial on punishment and impaneled a second jury. The second jury assessed punishment at twelve years' imprisonment and a $9,200 fine. This appeal followed.

**ANALYSIS**

*Ownership of the Property*

In his first two issues, appellant contends the trial court erred in denying his motion for a directed verdict and the evidence is insufficient to support his conviction because the State failed to prove ownership of the property as alleged in the indictment. Because a complaint on appeal about a trial court's failure to grant a motion for a directed verdict is treated as a challenge to the legal sufficiency of the evidence, we consider appellant's first two issues in tandem. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011), *cert. denied*, 132 S.Ct. 1763 (2012). This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *see also Adames*, 353 S.W.3d at 860. We defer to the jury's determinations of credibility, and may not substitute our judgment for that of the fact finder. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).

A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03(a). An appropriation of property is unlawful when "it is without the owner's effective consent." *Id.* § 31.03(b)(1). For purposes of the penal code, the legislature has expansively defined the term "owner" to include a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2012); *see also Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011). "Possession" is defined to mean "actual care, custody, control, or management." Tex. Penal Code Ann. § 1.07(a)(39).

With regard to the "ownership" element of the statutory offense of theft, courts have traditionally distinguished between an "actual owner" and a "special owner." *Byrd v. State* 336 S.W.3d 242, 251–52 (Tex. Crim. App. 2011); *Lewis v. State*, 193 S.W.3d 137, 140 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A "special owner" is an individual such as an employee, who has care, custody, or control of the property belonging to another person or a corporation.

3

*Jackson v. State*, 270 S.W.3d 649, 657 (Tex. App.—Fort Worth 2008, pet. ref'd). Although the State does not need to prove the name of the owner, the State is required to prove, beyond a reasonable doubt, that the person alleged in the indictment as the owner has the same identity as the person proven at trial to be the owner. *Byrd*, 336 S.W.3d at 252–53.

Even though the name of the owner is not an element of theft, the code of criminal procedure requires the State to allege the owner's name in the charging instrument. *Id.* at 251 & n.48; Tex. Code Crim. Proc. Ann. art. 21.08 (West 2009). In this state, it is well-established pleading practice to name a corporation as the owner of the property and then call any agent or employee who holds a relevant position in the company to testify that the corporation did not give effective consent for a person to steal its property. *Bryd,* 336 S.W.3d at 252; *Lewis,* 193 S.W.3d at 140. Alternatively, it is permissible for the State to allege that an agent — the special owner — is the owner and then call that agent to testify on behalf of the entity, the actual owner. *See Garza*, 344 S.W.3d at 414. The latter is the "preferable pleading practice." *Id.*

In *Garza*, the court of criminal appeals observed:

> To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given "owner" an expansive meaning; anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the property than defendant, is an owner of the property.

*Garza*, 344 S.W.3d at 413; *see also* TEX. PENAL CODE ANN. § 1.07(a)(35)(A). In the instant case, the State alleged that Abbey was the owner of the watch at the time appellant took it.[2] Abbey testified that she is the General Counsel and CFO for the Harry Boch Company, and has been so employed for almost three years. Abbey explained that the Harry Boch Company does

---

2. The indictment alleged that appellant "did unlawfully, intentionally and knowingly appropriate property, namely exercise control over property, other than real property . . . without the effective consent of Julie Abbey, the owner of the property, with the intent to deprive said owner of the said property."

4

business under the name Bachendorf's, and she is responsible for all of the company's financial matters, including coordinating the company's taxes, receivables, and reviewing sales. She is also responsible for payroll and the company's 401(k), as well as for collecting bad debts and hot checks. Abbey further testified that it is not Bachendorf's policy to give away free Rolex watches, and she did not give the watch to appellant. Furthermore, the sales clerk would not have been authorized to provide appellant with the watch free of charge. Although Abbey initially responded in the negative when defense counsel asked if she ever actually had care, custody, or control of the watch, Abbey clarified her response on re-direct examination. Abbey explained that while Bachendorf's was the actual owner of the watch, she was standing in for the company as its agent in her capacity as a company executive.

Abbey also testified about her efforts to recover payment for the watch. After the company bookkeeper advised that appellant's check had been returned for insufficient funds, Abbey attempted to contact appellant by telephone and sent a demand letter to his residence. Appellant did not respond and, at the time of trial, still had not paid for the watch.

Appellant argues the evidence is insufficient because Abbey admitted she never had actual care, custody and control of the watch, and therefore cannot be said to have had "possession" as that term is defined in the penal code. According to appellant, rather than name Abbey as the "actual owner," the State "could, and should, have alleged that Bachendorf's . . . owned the watch." Appellant insists that if Abbey never had actual possession, she could not have had a "greater right to possession." Appellant presents no authority to support this logical fallacy; the penal code definition of owner is not limited to those having only possession. Instead, under the "greater right to possession" method of proving ownership, any person who has a greater right than defendant to the actual care, custody, control or management of the

5

property can be alleged as the owner. *Garza*, 344 S.W.3d at 413; *Alexander v. State*, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988). The evidence adduced at trial established that Abbey, as an executive of the company with responsibility for all financial matters, including collection of the amount appellant owed for the watch, had a greater right to possession than appellant. Accordingly, we conclude that a rational juror could find that Abbey was the owner of the watch as defined by the penal code and appellant took the watch without the owner's consent. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(35), 31.03(a). Appellant's first two issues are overruled.

*Hearsay*

In his third issue, appellant contends the trial court erred in admitting hearsay evidence. Specifically, appellant complains about the admission of State's exhibit 3, a copy of the receipt given to him at the time he purchased the watch. The State responds that any error in the admission of the evidence did not cause appellant harm. We agree with the State.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006); *Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

The complained-of exhibit was introduced through the testimony of Neil Bland, the Bachendorf's sales clerk who sold appellant the watch. The exhibit details the date of the sale, name of the customer, a description of the watch purchased, and the $9,201.25 total purchase price. The document also contains two notations: "Returned ck from teleck," and a notation suggesting that $9,201.25 remains due and owing. In response to defense counsel's questions on

6

voir dire, Bland acknowledged that, in light of the notations, the receipt was not an exact copy of the receipt he gave appellant. Defense counsel objected and the following exchange occurred:

> DEFENSE COUNSEL: Your Honor, I object. It does not fall within the hearsay exception. It was not made at or near the time. And it also contains hearsay statements not made by the witness. The witness can't sponsor and doesn't have firsthand knowledge and doesn't even know the time it was made, and there's no chain of custody since he doesn't know when it was made or why.

> PROSECUTOR: Your Honor, may the State respond?

> COURT: No. State's Exhibit 3 is admitted. The objection goes to the weight, not the admissibility. It is admissible under [803](6) and [803](8).[3]

On appeal, appellant does not complain about the details of the receipt pertaining to the sale itself. Instead, his complaint is directed to the notation reflecting that his check was returned for insufficient funds. According to appellant, the jury could have assumed appellant had seen the receipt and was aware that his check had been returned for insufficient funds and could also assume that he continued to ignore Bachendorf's subsequent demands for payment.

But even if we assume the evidence constituted inadmissible hearsay, we cannot conclude the erroneous admission of such evidence caused appellant harm. Because the erroneous admission of hearsay is not of constitutional magnitude, we assess harm under rule of appellate procedure 44.2(b). *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Under this analysis, we disregard the error unless it affects appellant's substantial rights. *Id*; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). A substantial right is affected when the error had a substantial or injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). On the other hand, an

---

3. The business records hearsay exception is set forth in Texas Rule of Evidence 803(6). Generally, it provides that records made and kept in the ordinary course of business are excepted from the hearsay rule. *See* TEX. R. EVID. 803(6); *see also Campos v. State*, 317 S.W.3d 768, 777–78 (Tex. App. — Houston [1st Dist.] 2010, pet. ref'd). Texas Rule of Evidence 803(8) provides an exception to the hearsay rule for certain public records and reports. Both parties agree that the receipt does not fall within the latter exception.

error does not affect a substantial right if we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Solomon*, 49 S.W.3d at 365; *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). In making this determination, we review the record as a whole, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). We may also consider the jury instructions, the State's theory and any defensive theories, whether the State emphasized the error, closing arguments, and even voir dire, if applicable. *Id.* at 355-56.

In the present case, appellant's bank statements were admitted into evidence. The statements showed that appellant had no money in the account on the day he wrote the check and only $125 the following day. Three days later, the account had a negative balance. No additional deposits were made, and approximately two months later, the account was closed. During closing argument, the State relied on the bank statements, not the receipt. In fact, the receipt was not mentioned at all.

Bland, the sales clerk, testified that the transaction with appellant was unusual because appellant did not ask any questions, try on the watch, or attempt to negotiate a discount. Concerned that something was amiss, Bland made a photocopy of appellant's driver's license and the check.

Abbey testified that she sent a letter to appellant at the address listed on his driver's license five days after the transaction. The letter, which was sent via first-class and certified mail, informed appellant that his check had been returned and demanded payment. Although the certified letter was never claimed, the jury could reasonably have inferred that appellant received

8

the letter sent via first-class mail. The jury could also have inferred appellant was aware that the funds in his account were insufficient to cover the purchase at the time he made it. Therefore, after reviewing the record as a whole, we conclude there is ample evidence, exclusive of the receipt, from which the jury could reasonably conclude appellant was guilty of theft. Under these circumstances, any error in admitting the receipt into evidence was harmless. Appellant's third issue is overruled.

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110407F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

RODGERS, EDWIN DEWAYNE,
Appellant

No. 05-11-00407-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-00022-Y.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE