COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 02-13-00498-CR


EX PARTE KENNETH JANNERETH

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kenneth Jannereth appeals from the trial court's denial of his application for writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West Supp. 2013). We affirm the trial court's order. *See* Tex. R. App. P. 31.3.

Jannereth was charged with criminal mischief after destroying a barrier that a homeowners' association had placed on a private road to block use of a

---

[1]*See* Tex. R. App. P. 47.4.

private lake by nonresidents. Jannereth, a member of the homeowners' association, previously had threatened to tear the barrier down. In the indictment, the property owner was alleged to be Vaughn Petty, the president of the homeowners' association at the time the property was damaged. A jury found Jannereth guilty of criminal mischief, causing damage of $50 or more but less than $500. *See* Tex. Penal Code Ann. § 28.03(a)(1), (b)(2) (West 2011). The trial court sentenced Jannereth to 180 days' confinement, suspended imposition of the sentence, and placed him on community supervision for 24 months. Jannereth appealed his conviction. We affirmed the trial court's judgment, and the court of criminal appeals refused Appellant's petition for discretionary review. *Jannereth v. State*, No. 02-10-00042-CR, 2011 WL 3426253, at *6 (Tex. App.—Fort Worth Aug. 4, 2011, pet. ref'd) (mem. op., not designated for publication).

Jannereth then filed an application for writ of habeas corpus arguing that his trial counsel was constitutionally ineffective for failing to investigate Petty's ownership interest in the property. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b)(1). Jannereth argues that because the homeowners' association owned the property and because there was evidence that Petty did not have standing to be a member or president of the homeowners' association, Jannereth was improperly convicted of damaging the property of a non-owner. Because trial counsel inadequately investigated Petty's ownership interest in the property, Jannereth asserts his trial counsel was constitutionally ineffective.

2

The State responded that Petty was shown at trial to be the president of the homeowners' association and that Jannereth had no ownership interest in the property. The trial court, relying on the penal code's definition of "owner," found that Petty was properly alleged and sufficiently proven to be the owner of the property. *See* Tex. Penal Code Ann. § 1.07(a)(35)(A) (West Supp. 2013). Therefore, the trial court concluded that trial counsel was not ineffective and denied Jannereth's application, which Jannereth now appeals. We did not request additional briefing. *See* Tex. R. App. P. 31.1.

We usually review the trial court's decision to grant or deny habeas-corpus relief under an abuse-of-discretion standard; but if (as is true here) the issue involves the application of law to facts and does not involve credibility determinations, we review the trial court's decision de novo. *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.). To demonstrate ineffective assistance of counsel, a habeas-corpus applicant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's deficiency, the result of the proceeding would have been different. *Ex parte McFarland*, 163 S.W.3d 743, 751–52 (Tex. Crim. App. 2005) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

We agree with the trial court that Petty was an owner as defined in the penal code. Even if counsel had sufficiently investigated Petty's ownership interest, the evidence would have shown that at the time the property was

3

destroyed, Petty was the president of the homeowners' association. Here, the homeowners' association was the true owner of the property, and Petty was the president of the association. Jannereth attempts to argue that Petty was not properly elected and relies on the affidavit of an attorney who opines that the deed restrictions may not have been properly amended to bring Petty's lake property under the auspices of the homeowners' association.

Under Texas pleading rules, ownership may be alleged in either an actual owner or a special owner. *Byrd v. State*, 336 S.W.3d 242, 251–52 (Tex. Crim. App. 2011). Although it is the "better practice" to allege the corporate entity as the owner, it is permissible to allege ownership in a special owner. *Garza v. State*, 344 S.W.3d 409, 414 (Tex. Crim. App. 2011); *see Dingler v. State*, 705 S.W.2d 144, 145 (Tex. Crim. App. 1984) (recognizing allowable practice of alleging ownership in "a natural person acting for the corporation"). "A special owner is a person who has actual custody or control of property that belongs to another person." *Byrd*, 336 S.W.3d at 252. To eliminate the distinction between special and actual ownership, the legislature expansively defined "owner" and included in the definition a person who has title to the property, possession of the property (whether lawful or not), or a greater right to possession of the property than the defendant. *See Garza*, 344 S.W.3d at 413; *Byrd*, 336 S.W.3d at 252; *see also* Tex. Penal Code Ann. § 1.07(a)(35)(A). The definition of "possession" includes care, custody, control, or management of the property. Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2013). Therefore, Texas law permitted

4

Jannereth's conviction for criminal mischief where Petty was the alleged owner of the property because Petty had possession of the property on behalf of the homeowners' association whether that possession was lawful or not. This result is exactly what the legislature intended in enacting a broad definition of owner. *See, e.g., Garza*, 344 S.W.3d at 412–14; *Freeman v. State*, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986) (plurality op.). On these facts, Jannereth has not shown the requisite prejudice—that the result of the proceeding would have been different—in trial counsel's alleged failure to fully investigate the legality of Petty's ownership interest. We conclude that the trial court correctly denied Jannereth's habeas-corpus application.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 12, 2013