**Affirmed and Memorandum Opinion filed August 9, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00167-CR

---

## ANDREA WATSON DAVIDSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 14-DCR-067210**

---

## M E M O R A N D U M   O P I N I O N

Appellant Andrea Watson Davidson was found guilty by a jury of felony theft of property of $20,000.00 or more. The jury assessed appellant's punishment at 28 years' confinement in the Texas Department of Criminal Justice. In a single issue, appellant challenges the sufficiency of the evidence, claiming there was no evidence to prove the crime (theft) happened against the person named in the indictment. We affirm.

## I.     Background

In or around 2000, appellant was employed by Kalsi Engineering[1] as an accountant, performing day-to-day activities with accounts receivable and accounts payable.  Kalsi Engineering was owned by Manmohan Kalsi, Ph.D., and his wife.  Appellant's duties included preparing checks based on customer invoices, presenting checks to management[2] for signature, and tracking inventory for the seal division.  Appellant was not authorized to sign checks on behalf of Kalsi Engineering.

When the company received a fraud alert from the bank, it began an internal investigation, reviewing bank statements and company credit card statements.  The information the company reviewed pointed to appellant as having embezzled hundreds of thousands of dollars from the company.  In April 2014, appellant requested to meet with company management (*i.e.*, Dr. Kalsi, Alvarez, Estep) and appellant's husband to give a full explanation.  Appellant's employment was terminated.   The estimated sum of appellant's fraudulent transfers was $8,500,000.00.  This sum did not include the fraudulent charges appellant made against the company's credit cards.

Appellant was charged by a grand jury as follows:

Andrea Watson Davidson. . . on or about and between October 1, 2007 and April 14, 2014, pursuant to one scheme and continuing course of conduct, did, unlawfully, appropriate property, namely, money of the aggregate value of $200,000.00 or more, from Manmohan Kalsi, hereinafter referred to as the owner, without the effective consent of the owner and with the intent to deprive the owner of the property.

---

[1] Kalsi Engineering, located in Sugar Land, Fort Bend County, Texas, sells a patented rotary shaft seal used in downhole drilling motors as well as provides engineering consulting services for the oil and gas industry and nuclear power stations.

[2] Between 2007 and 2014, only three people were authorized to sign checks on behalf of Kalsi Engineering:  Dr. Kalsi, the President of the company; Daniel Alvarez, a Vice President; and Neal Estep, a Vice President.

In February 2017, trial commenced before a jury. The jury returned its verdict of guilty of theft of property from Kalsi Manmohan, and sentenced appellant to 28 years' imprisonment. This appeal timely followed.

## II.    Analysis

Appellant challenges the sufficiency of the evidence to support the jury's verdict because the individual named in the indictment (*e.g.*, Manmohan Kalsi) was never proven to be the actual owner of the stolen money.

## A.    Standard of Review and Relevant Law

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). In our sufficiency review we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.); *see Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the factfinder reached a rational decision. *See*

3

*Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally") (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010)). "The key question is whether 'the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.' " *Id.* (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) ).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. art. 38.04; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we must defer to the credibility and weight determinations of the factfinder. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). In addition, we must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (quoting *Clayton*, 2 35 S.W.3d at 778). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that resolution. *Cary*, 507 S.W.3d at 757; *Blea*, 483 S.W.3d at 33; *Murray*, 457 S.W.3d at 448–49.

Because factfinders are permitted to make reasonable inferences, "[i]t is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and

4

circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *see Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016); *Nowlin*, 473 S.W.3d at 317. The standard of review is the same for direct and circumstantial evidence cases. *Jenkins*, 493 S.W.3d at 599; *Nowlin*, 473 S.W.3d at 317; *Dobbs*, 434 S.W.3d at 170.

To determine whether the State has met its evidentiary burden of proving a defendant guilty beyond a reasonable doubt, we compare the elements of the offense as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)); *see Morgan*, 501 S.W.3d at 89. "A hypothetically correct jury charge is one that 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.' " *Jenkins*, 493 S.W.3d at 599 (quoting *Thomas*, 444 S.W.3d at 8, in turn quoting *Malik*, 953 S.W.2d at 240); *see Morgan*, 501 S.W.3d at 89. The law as authorized by the indictment consists of the statutory elements of the charged offense as modified by the factual details and legal theories contained in the indictment. *Patel v. State*, No. 03–14–00238–CR, 2016 WL 2732230, at *2 (Tex. App.—Austin May 4, 2016, no pet.) (mem. op., not designated for publication); *see Jenkins*, 493 S.W.3d at 599; *Thomas*, 444 S.W.3d at 8.

**B.   Sufficiency of the Evidence**

As relevant to the offense appellant was convicted of in this case, a person commits theft if she unlawfully appropriates property with the intent to deprive the owner of the property. *See* Tex. Penal Code § 31.03 (defining theft). Because appellant challenges the sufficiency of the evidence only as it relates to ownership of the stolen property, we will focus our analysis on evidence to support the jury's finding of guilt based on a finding that Manmohan Kalsi, as alleged in the indictment, was the owner of his business, Kalsi Engineering Incorporated.

While the name of the owner is not made a substantive element of theft in the Penal Code, the Code of Criminal Procedure, as a matter of state law, requires the State to allege the name of the owner of the property in its charging instrument. *Byrd v. State*, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011). Ownership may be alleged as either the actual or a special owner, where a special owner is a person who has actual custody or control of property that belongs to another person. *See, e.g., Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993); *Freeman v. State*, 707 S.W.2d 597, 602–03 (Tex. Crim. App. 1986). "To eliminate the distinctions between general and special owners, and to give ownership status to anyone with a rational connection to the property, the legislature has given 'owner' an expansive meaning: anyone having a possessory interest in the property through title, possession, whether lawful or not, or a greater right to possession of the property than the defendant, is an owner of the property." *Garza v. State*, 344 S.W.3d 409, 413–14 (Tex. Crim. App. 2011) (citing *Freeman*, 707 S.W.2d at 603; Tex. Penal Code § 1.07(a)(35)(A)). "Possession" is defined to mean actual care, custody, control, or management. Tex. Penal Code § 1.07(a)(39).

6

"Although the name of the owner is not a substantive element of theft, the State is required to prove, beyond a reasonable doubt, that the person (or entity) alleged in the indictment as the owner is the same person (or entity) . . . as shown by the evidence." *Byrd*, 336 S.W.3d at 252. It is permissible to allege ownership in a natural person acting for a corporation when the property referred to in the indictment belongs to the corporation. *Dingier v. State*, 705 S.W.2d 144, 145 (Tex. Crim. App. 1984); *Campos v. State*, 317 S.W.3d 768, 774 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

Here, the State properly alleged and proved that Manmohan Kalsi was the owner of his business, Kalsi Engineering Incorporated. Appellant's reliance on *Byrd* is misplaced because in that case the named "owner" of the stolen funds was never mentioned or connected at trial to his employer (*e.g.*, Wal-Mart). *See Byrd*, 336 S.W.3d at 252, 257, 258 (evidence legally insufficient where at trial the State failed to prove that "Mike Morales" had any ownership interest in the property that appellant stole). In this case, in contrast, Dr. Kalsi testified that he was the owner of the Kalsi Engineering Incorporated, a business that he started in 1978.

Q: All right. Who owns Kalsi Engineering?

A: I own Kalsi Engineering. My wife and I own Kalsi Engineering.

He further testified as follows:

Q: When we talk about owning money, you own Kalsi Engineering, is that correct, you and your wife?

A: My wife and I, yes.

Finally, Dr. Kalsi testified that checks were written by appellant without his consent.

Moreover, appellant testified that she intentionally stole money from her employer, Kalsi Engineering. She further testified that Dr. Kalsi had built the business from an idea to what it is today. Finally, appellant testified that she

understood that Dr. Kalsi and his wife owned Kalsi Engineering.

From a review of the record, there is sufficient evidence to support the jury's finding of guilt that Manmohan Kalsi, as alleged in the indictment, was the owner of his own business, Kalsi Engineering Incorporation. *See Garza*, 344 S.W.3d at 413–14. Thus, appellant's issue is overruled.

### III. Conclusion

The judgment of the trial court is affirmed.

/s/    John Donovan
       Justice

Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish—Tex. R. App. P. 47.2(b).