# NO. 12-24-00090-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRETT WAYNE JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO 3* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brett Wayne Johnson appeals his conviction for unlawful installation of a tracking device. In two issues, Appellant argues that the trial court abused its discretion by (1) refusing to admit testimony proffered by his expert witness on the subject of Texas community-property law and (2) overruling his request to instruct the jury on the definition of "owner" with reference to the Texas community-property law's provision for joint ownership of property acquired during a marriage. We affirm.

## BACKGROUND

In 2019, when Melanie Johnson still was married to Appellant, she purchased a Ford Expedition. The couple later separated and commenced divorce proceedings. In May 2022, during the pendency of the divorce proceedings, Melanie was meeting a friend for dinner. When the friend arrived at the restaurant, she observed Appellant crouched down near the passenger side of Melanie's Expedition. According to the friend, when she and Appellant made eye contact, he appeared alarmed and hastily left the scene in his vehicle. The friend related these events to

Melanie, who, upon returning home, discovered underneath her vehicle a black box with a blue, flashing light she believed to be a "tracker."

The next day, Melanie's private investigator removed the tracker from the Expedition and secured it until law enforcement officers took possession of it. Thereafter, during a phone conversation with Smith County Sheriff's Detective Timothy Cutright, Appellant admitted that he installed the tracker on the Expedition. He stated he initially purchased two trackers for safety reasons but kept using them to find out where Melanie did her banking. He claimed he had a legal right to track the Expedition.

Appellant was charged by information with unlawful installation of a tracking device and pleaded "not guilty." The matter proceeded to a jury trial. At trial, Melanie testified that the Expedition was in her name alone and she was the only party to the vehicle loan, which she paid from a bank account belonging to a business to which she had the exclusive right of possession according to the temporary orders in the divorce proceedings. She further testified that she alone was listed as an insured driver for the Expedition, Appellant did not have keys to the Expedition, she and Appellant rarely drove one another's vehicles prior to their separation, and, following their separation, she drove the Expedition and parked it where she resided.

Appellant sought to introduce the expert opinion testimony of Attorney Christina Hollwarth on the subject of Texas community-property law as it related to ownership of the Expedition and as to whether Appellant was allowed to install the tracker on the Expedition on this basis. Following a hearing, the trial court excluded Hollwarth's proffered testimony, which it found to be irrelevant and likely to confuse the jury.

Following the presentation of evidence, the trial court conducted a charge conference. There, Appellant requested an instruction in the court's charge, by which he sought to provide the jury with an additional definition of "owner" as it related to the Expedition, by including a definition of community property with reference to its provision for joint ownership of property acquired during a marriage. The trial court denied Appellant's request.

Ultimately, the jury found Appellant "guilty" as charged. The matter proceeded to a bench trial on punishment, following which the trial court sentenced Appellant to confinement for ninety days but suspended the sentence and placed Appellant on community supervision for fifteen months. This appeal followed.

In his first issue, Appellant argues that the trial court abused its discretion by excluding Hollwarth's proffered, expert-witness testimony on the issue of Texas community-property law and its applicability to the facts of this case.

## Standard of Review and Governing Law

"An appellate court reviews a trial court's admission of evidence and expert testimony for an abuse of discretion, i.e., whether the trial court's ruling was within the zone of reasonable disagreement." *Trejo v. State*, 683 S.W.3d 815, 822 (Tex. App.–San Antonio 2023, no pet.).

Texas Rule of Evidence 702 governs the admissibility of expert testimony. *See* TEX. R. EVID. 702. That rule allows a witness who is "qualified as an expert by knowledge, skill, experience, training or education" to "testify in the form of an opinion or otherwise if his scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Under Rule 702, three conditions must be met before expert testimony is admissible: (1) the expert must be qualified; (2) the evidence must be reliable; and (3) the evidence must be relevant. *Kingsbury v. State*, 625 S.W.3d 686, 690 (Tex. App.–Fort Worth 2021, no pet.). Like nonexpert testimony, admissibility of expert testimony may also depend on whether the probative value of the proffered expert testimony "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Id.*; *see Blasdell v. State*, 384 S.W.3d 824, 831 n.18 (Tex. Crim. App. 2012) (citing TEX. R. EVID. 403); *Kelly v. State*, 824 S.W.2d 568, 572 n.11 (Tex. Crim. App. 1992) ("Rule 702 [relating to expert-witness testimony] incorporates Rule 402 and 403 analyses").

"Relevant evidence" ordinarily means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* TEX. R. EVID. 401. Evidence that is not relevant is inadmissible. *See* TEX. R. EVID. 402.

Under Rule 403 of the Texas Rules of Evidence, even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990). Rule 403 requires both trial and reviewing courts to analyze and

balance (1) the probative value of the evidence (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *See Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

**Discussion**

In the instant case, the State bore the burden to prove that Appellant knowingly installed an electronic or mechanical tracking device on a motor vehicle owned or leased by another person. *See* TEX. PENAL CODE ANN. § 16.06(b) (West 2019). Through Hollwarth's testimony Appellant sought to put on evidence that, by virtue of his community property interest in the vehicle, he could not be found guilty of placing a tracking device on a vehicle he owned. *See, e.g.*, TEX. FAM. CODE ANN. §§ 3.001, 3.002, 3.003 (West 2006).

The word "owner" is not defined in Texas Penal Code, Section 16.06. *See* TEX. PENAL CODE ANN. 16.06(a). Accordingly, the definition in Section 1.07(a)(35) applies. *See id.* § 1.07(a)(35) (West Supp. 2023); *Hines v. State*, 906 S.W.2d 518, 520 (Tex. Crim. App. 1995) (court of appeals bound to construe Texas Penal Code provisions in light of definitions in penal code itself). Under Section 1.07, "owner" means a person who (1) has title to the property, (2) possession of the property, whether lawful or not, or (3) a greater right to possession of the property than the actor. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A). "Possession" means "actual care, custody, control, or management." *Id*. § 1.07(a)(39). Thus, the "owner" of the vehicle may be proven in one of three ways: (1) title, (2) possession, or (3) a greater right to possession than the defendant. *Cf. Morrow v. State*, 486 S.W.3d 139, 164 (Tex. App.–Texarkana 2016, pet. ref'd). Consequently, the State was entitled to prove Melanie's ownership of the Expedition by showing that she had title to the vehicle, possession of the vehicle, whether lawful or not, or a greater right to possession of the vehicle than Appellant. *Cf. id.* (citing TEX. PENAL CODE ANN. § 1.07(a)(35)(A)).

"The Penal Code's definition of owner is 'expansive' and 'give[s] ownership status to anyone with a rational connection to the property." *Morrow*, 486 S.W.3d at 164; *see Ramirez v. State*, 429 S.W.3d 686, 688 (Tex. App.–San Antonio 2014, pet. ref'd) (quoting *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011)). "Under the Penal Code's definition, multiple persons may be considered 'owners' of property, but only one need be alleged in the indictment." *Morrow*, 486 S.W.3d at 164 (citing *Gregg v. State*, 881 S.W.2d 946, 951–52 (Tex. App.–Corpus Christi 1994, pet. ref'd)).

In *Morrow*, the appellant argued that the evidence was insufficient to support his burglary conviction because the element of ownership could not be proven as he was a joint-record owner and community-property owner of the home at issue. *See Morrow*, 486 S.W.3d at 164. But the court of appeals emphasized that ownership under the definition in the Texas Penal Code may be proven in one of three ways: (1) title, (2) possession, *or* (3) a greater right to possession than the defendant. *See id.* Ultimately, the court determined that, in spite of the appellant's argument with regard to his community property interest in the home, the evidence supported that his wife had possession over the home at the relevant time and, thus, the evidence was legally sufficient to support the element of ownership. *See id.* at 165.

Here, Appellant's proffered expert testimony about Texas community-property law would, at most, support that he and Melanie shared an equal, one-half interest in the Expedition. *See Carnes v. Meador*, 533 S.W.2d 365, 370–71 (Tex. Civ. App.–Dallas 1975, writ ref'd n.r.e.) (recognizing that each spouse owns one-half interest in community property regardless of which spouse has management and control); *see also Wright v. Jones*, 674 S.W.3d 704, 712 (Tex. App.– Waco 2023, no pet.). Hollwarth's proffered testimony regarding Texas community-property law does not contradict the evidence that the Expedition was in Melanie's name alone or that she had possession of the vehicle. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A). Furthermore, such testimony does not demonstrate that Appellant had a greater right to possession of the Expedition than did Melanie. *See id.* Accordingly, because Hollwarth's proffered testimony had no tendency to make the existence of Appellant's ownership more probable or less probable than it would be without the testimony, the testimony was not relevant and was inadmissible. *See* TEX. R. EVID. 401, 402; *see also Morrow*, 486 S.W.3d at 164–65. Therefore, we hold that the trial court did not abuse its discretion in refusing to permit Hollwarth's expert testimony. Appellant's first issue is overruled.

### CHARGE DEFINITION WITH REFERENCE TO COMMUNITY-PROPERTY LAW

In his second issue, Appellant argues that the trial court abused its discretion in refusing his request to include an additional definition of "owner" by defining community property with reference to its provision for joint ownership of property acquired during a marriage.

**Standard of Review and Governing Law**

Our review of alleged jury charge error involves a two-step process. *Barrios v. State*, 389 S.W.3d 382, 392 (Tex. App.–Texarkana 2012, pet. ref'd); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred and then, "determine whether sufficient harm resulted from the error to require reversal." *Barrios*, 389 S.W.3d. at 392.

We apply an abuse-of-discretion standard in our review of a trial court's decision to submit or refuse a jury instruction. *See Smith v. State*, No. 04-13-00771-CR, 2014 WL 7357530, at \*9 (Tex. App.–San Antonio Dec. 23, 2014, no pet.) (mem. op., not designated for publication).

Texas Code of Criminal Procedure, Article 36.14 requires that instructions to the jury be limited to setting forth the law applicable to the case and that they not express any opinions as to the weight of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Under Article 36.14, the trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in [its] charge calculated to arouse the sympathy or excite the passions of the jury." *Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012).

## Discussion

In the instant case, as set forth above, the definition of "owner" in Section 1.07(a)(35) is controlling in the State's case against Appellant. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A); *Hines*, 906 S.W.2d at 520. Furthermore, Texas community-property law does not contradict the evidence that the Expedition was in Melanie's name alone or that she had possession of the vehicle, nor does it demonstrate that Appellant had a greater right to possession of the Expedition than did Melanie. *See* TEX. PENAL CODE ANN. § 1.07(a)(35)(A). Thus, because the jury's ability to consider Texas community-property law had no tendency to make the existence of Appellant's ownership of the Expedition more or less probable than such ownership would have been otherwise, Texas community-property law simply was neither applicable in this case nor relevant to the issue before the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *see also* TEX. R. EVID. 401, 402; *cf. Morrow*, 486 S.W.3d at 164.

In sum, a jury charge, such as the one here, which tracks the language and definitions of the Texas Penal Code is not error. *See Smith*, 2014 WL 7357530, at \*9; *see also Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) (holding that jury charge tracking language of

particular statute is proper charge because "[f]ollowing the law as it is set out by the Texas Legislature will not be deemed error on the part of the trial judge"). Accordingly, we hold that the trial court did not abuse its discretion in refusing Appellant's request to include an additional definition of "owner" by defining community property with reference to its provision for joint ownership of property acquired during a marriage. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00090-CR**

**BRETT WAYNE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 3

of Smith County, Texas (Tr.Ct.No. 003-82881-23)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*